STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
CUMBERLAND, ss.                         DOCKET NO. CR 21 0018


STATE OF MAINE


v.                                      ORDER


TERRY BOTHWELL

Before the court is Defendant's Motion to Suppress. Defendant seeks to suppress the

searches of two backpacks that Defendant was carrying at the time of his arrest. Defendant also

seeks to suppress certain statements he made without a Miranda warning.

## FACTS

The court finds the following facts, development of which was aided by the Portland

Police Officers' body cameras. The officers were called to the Whole Foods grocery store to

address the presence of the Defendant in the employees' area of the grocery store before the store

opened. He was not an employee and the area was only open to employees. He was suspected

of stealing employees' property. The Defendant did not contest the officers' probable cause to

arrest the Defendant. There is no dispute he was under arrest both at the time of the search and

the statements at issue.

At the time of the arrest, Defendant was carrying two back packs. One was orange and

was monogrammed with the name "Heidi." The back packs dropped to the floor while the

Defendant was handcuffed and he remained standing in the hall. The packs were removed to a

nearby bench a few feet away. They were first searched on the bench, both while the Defendant

stood in the hall and while the Defendant was later asked to sit on the bench. One of the bags

1



was then searched in an adjacent office. There, about three and a half minutes after the arrest, one of the officers found fentanyl.

DISCUSSION

**1. Search of the backpacks.**

The officers had no search warrant at the time of the search. The issue is whether the exception to the warrant requirement for searches incident to a defendant's arrest applies in these circumstances. At the time of a suspect's arrest, an officer may make a warrantless search of the "personal property immediately associated with the person of the arrestee." *State v. Pagnani*, 2018 ME 129, ¶ 19, n. 4, quoting *United States v. Chadwick*, 433 U.S. 1. That extends "to the area within his immediate control." *Id.* ¶ 20. While the exception is based on the need to prevent the arrestee from destroying evidence or causing harm, the State does not need to show an immediate threat to either the evidence or a threat to law enforcement officers or others. *Id.* ¶ 21, citing *United States v. Robinson*, 414 U.S. 218, 235 (1973). It is the arrest that allows the search, and it requires no further justification. *Id.*

There is little question that *at the time of the search*, particularly the critical search in the office where the officer found fentanyl, the backpacks were no longer within the immediate area of the Defendant. There is also no question that the backpacks were on the person of the Defendant *at the time of the arrest*. The question, therefore, is whether the case turns on whether the personal effects were in the immediate area of the Defendant at the time of the arrest or in the immediate area at the time of the search.

The Law Court's decision in *Pagnani* answers that question. In *Pagnini*, the defendant had left her jacket in a chair on a porch. After she was removed from the porch in handcuffs, the officer searched the jacket and found evidence of a crime in the pocket. The Court did note that

2

the search was "immediately" after removal from the porch. Ultimately, the court held that: "Because the jacket was on her person *at the time of the arrest* and remained associated with it by sitting on it while under arrest, the search of the jacket, even though she had been removed from its location, was a lawful search incident to arrest." *Id* ¶ 34 (emphasis supplied).[1] Although a little more time may have elapsed in this case between the search and the Defendant's distance from the property than in *Pagnini*, the court does not see any basis to cut so fine a distinction.[2] The motion to suppress the evidence acquired during the search of the bag is denied.

## 2. Miranda

As events unfolded in the hallway of the employee section upstairs at Whole Foods, the Defendant made several statements, some in response to questions and some of his own volition. It is undisputed that the Defendant was in custody and Miranda warnings had not been given. The State agrees to the exclusion of all of the statements collected in the hall with the exception of biographical questions and two spontaneous statements.

The questions with respect to Defendant's name and date of birth do not violate his right to be advised of his Constitutional rights. *State v. Brann,* 1999 ME 113, ¶ 13. Similarly, when a Defendant's statements made while in custody, but not in response to interrogation, do not violate his constitutional rights. A *Miranda* warning is required only if a defendant is in custody

---

[1] The court notes that the Defendant's argument here is consistent with the argument of the dissent in *Pagnani*, that the properties' removal from the immediate location of a handcuffed defendant means that the exception for a search after incident to arrest no longer applies. *Pagnani,* ¶¶ 27 – 34. The majority decision in *Pagnini* clearly rejected that argument.

[2] In *State v. LeBlanc,* 347 A.2d 590, 594 (Me. 1975), the Court noted the importance of temporal limitations and that the search not be remote in time from the arrest. Therefore, while there are some temporal limitations, this court cannot practically distinguish between the three to four minutes that elapsed in this case and the time that elapsed in *Pagnini.* Under *Pagnini,* the officers here clearly could have picked the bags up off the floor and searched them immediately. Once *Pagnini* rejected any requirement that the Defendant be within "leaping distance" *at the time of the actual search,* this court does not see any other Fourth Amendment distinction if the bags are searched three to four minutes after they are removed from the Defendant.

and subject to interrogation. *State v. Swett*, 1998 ME 76, ¶ 4, 709 A. 2d 729, 730

"The *Miranda* rule does not apply to spontaneous statements that are not a response to interrogation." *State v. Lear*, 1998 ME 273, ¶ 9.

Here, Plaintiff blurted out when the officer picked a backpack up off the floor soon after his arrest: "That's not my backpack, sir." That was not in response to any question. Because it was not interrogation, the court does not suppress that statement.

When the officer observed that one of the back packs had the name Heidi, he asked: "Is Heidi here?" The Defendant, whose back was turned, asked "Who is Heidi?" According to the body cam, the question could have reasonably been directed either to the Defendant or to the store employee in the hall. The Defendant, however, did not know that. Immediately afterwards, the other officer engaged the Defendant about why he had been arrested. Although it is a close call, the court finds that Defendant was under interrogation at the time of the statement. Therefore, the court suppresses the statement, "Who is Heidi?"

The Order is:

With respect to the search of the back packs, the Motion is DENIED. With respect to the statements Defendant made in the hall, the Motion is DENIED with respect to the solicitation of biographical information and the statement "That's not my backpack, sir." and is GRANTED with respect to any other statements that the Defendant made.

DATE: ___8/23/21___

_____
Thomas R. McKeon
Justice, Maine Superior Court

4